# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SITOTA YAMLAK,

        Plaintiff,

v.

HENRICK CORPORATION, LLC, et al.,

        Defendants.

Case No. 17-2242-DDC-GLR

## MEMORANDUM AND ORDER

Plaintiff filed a Complaint pro se on April 26, 2017 against four defendants—Hen[d]rick Corporation LLC, Nissan Automotive Group, Hendrick Nissan Kansas City, and Robert O. Jester. Doc. 1. On June 22, 2017, the court issued an Order to Show Cause directed to plaintiff because his Complaint fails to allege a basis for this court to exercise subject matter jurisdiction. Doc. 10. The court thus ordered plaintiff to show cause in writing on or before July 12, 2017, why the court should not dismiss his Complaint for lack of subject matter jurisdiction. Plaintiff responded to that Order on July 10, 2017. Doc. 12.

Plaintiff also has filed a Motion for Leave to Proceed in forma pauperis. Doc. 3. The court first addresses that motion below. The court grants that motion because plaintiff has established that he is unable to pay the required filing fee. Second, the court addresses whether it may exercise subject matter jurisdiction over this action. It concludes that plaintiff's Complaint and his response to the Show Cause Order fail to establish that subject matter jurisdiction exists. Consequently, the court dismisses this case without prejudice for lack of subject matter jurisdiction.

## I. Motion for Leave to Proceed in Forma Pauperis

Plaintiff has moved for leave to file this action without payment of fees or costs. Doc. 3. He has submitted an affidavit of financial status supporting his request. Under 28 U.S.C. § 1915(a)(1), the court may authorize a person to commence an action without prepayment of fees after he submits an affidavit demonstrating an inability to pay. The court has broad discretion to grant or deny permission to proceed in forma pauperis. *United States v. Garcia*, 164 F. App'x 785, 786 n.1 (10th Cir. 2006). But the court cannot act arbitrarily or deny an application on erroneous grounds. *Id.* To succeed on a motion for leave to proceed in forma pauperis, "the movant must show a financial inability to pay the required filing fees." *Id.* (quoting *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)).

After reviewing plaintiff's financial affidavit, the court finds that plaintiff has made a sufficient showing that he is unable to pay the required filing fee. The court thus grants plaintiff's request for leave to file this action without payment of fees, costs, or security under 28 U.S.C. § 1915(a)(1).

## II. Does Subject Matter Jurisdiction Exist?

When a plaintiff proceeds in forma pauperis, the court may review his complaint under 28 U.S.C. § 1915(e)(2). That section authorizes the court to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The court uses the Fed. R. Civ. P. 12(b)(6) motion-to-dismiss standard to determine whether it is appropriate to dismiss under § 1915(e)(2)(B)(ii). *Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007). When making this determination, the court accepts as true all well-

pleaded facts and draws all reasonable inferences from those facts in the plaintiff's favor. *ASARCO LLC v. Union Pac. R.R. Co.*, 755 F.3d 1183, 1188 (10th Cir. 2014). The court also liberally construes plaintiff's Complaint because he proceeds pro se. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). But, at the same time, the court cannot advocate for a pro se litigant. *Id.*

Here, plaintiff's Complaint fails to allege a proper basis for the court to exercise subject matter jurisdiction. As the court explained in its Show Cause Order (Doc. 10), plaintiff's Complaint never pleads clearly either federal question jurisdiction or diversity jurisdiction. Plaintiff's Civil Cover Sheet asserts diversity jurisdiction. *See* Doc. 2. The Civil Cover Sheet also asserts that plaintiff is a citizen of this state and that defendants are citizens of another state. *Id.* But, plaintiff provides no more information about either party's citizenship. Because plaintiff has failed to identify the parties' citizenship, he fails to establish diversity jurisdiction under 28 U.S.C. § 1332.

In plaintiff's Response to the Show Cause Order, he explains that this lawsuit arises out of repairs defendants made to his car. Doc. 12 at 1–2. Plaintiff contends that defendants engaged in deceptive practices and violated "Kansas Consumer Protection Law." *Id.* at 1. He also accuses defendants of negligence and violations of the Kansas State Constitution. *Id.* at 2. But, he asserts now that his lawsuit raises federal question jurisdiction under 28 U.S.C. § 1331, not diversity jurisdiction under § 1332. As support for this jurisdictional basis, plaintiff contends that defendants' actions have violated various amendments to the United States Constitution.

To the extent plaintiff seeks to amend his Complaint to allege federal constitutional violations against defendants, his purported claims are futile because they fail to state a claim for

relief. To state a claim for constitutional violations under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed *by a person acting under color of state law*." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Here, plaintiff never alleges that any defendant is a state actor. And, his Response never asserts any facts that allow to court to infer, plausibly, that defendants were acting under color of state law under § 1983. Plaintiff's Response thus fails to allege a plausible claim for relief under federal law. Plaintiff has not established that federal question jurisdiction exists here under 28 U.S.C. § 1331.

Because neither plaintiff's Complaint nor his Response to the Show Cause Order establish that the court has subject matter jurisdiction over this action, the court dismisses this action without prejudice for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED THAT** plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 3) is granted.

**IT IS FURTHER ORDERED THAT** plaintiff's Complaint is dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED THAT** plaintiff's Motions for Summary Judgment (Docs. 5, 11) and Request for Default Judgment (Doc. 7) are denied as moot.

**IT IS SO ORDERED.**

**Dated this 12th day of July, 2017, at Topeka, Kansas**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
